IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BOBBY EARL WILSON, JR.                                                                                 PLAINTIFF

VERSUS                                                                        CAUSE NO.  5:13-cv-50-DCB-MTP

DEBRA GILMORE, ELLIOTT BEAUCHAMP
and JACQUELINE BANKS                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Wilson, an inmate currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on April 2, 2013.  The named defendants are Debra Gilmore, Elliott Beauchamp and Jacqueline Banks.  As relief, Plaintiff is requesting monetary damages.

Plaintiff complains that Defendant Gilmore removed his personal property from his cell while he was not present.  Pl.'s Compl. [1] p. 5.  Defendant Gilmore issued "an allowable personal property inventory/receipt listing all of Plaintiff's property."  *Id*.  When Plaintiff was released from segregated housing, the prison officials could not locate Plaintiff's property.  *Id*.  Plaintiff then filed a request for administrative remedies.  *Id*. at p. 6.  Plaintiff's request was denied.  *Id*.  On October 23, 2010, Plaintiff filed a complaint in the Circuit Court of Wilkinson County seeking a writ of replevin for his property.  *Id*.  The Circuit Court of Wilkinson County denied Plaintiff's complaint.  *Id*. at p. 7.  Plaintiff appealed to the Mississippi Supreme Court and the appeal was dismissed on December 6, 2012, for Plaintiff's failure to pay the costs of the appeal.  *Id*.  Plaintiff now files the instant civil action arguing that he has been deprived of his personal property in violation of his due process rights.  *Id*. at p. 8.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Plaintiff, a *pro se* prisoner, was granted *in forma pauperis* status and is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Plaintiff is challenging the state court orders and judgments he received from the Circuit Court of Wilkinson County as well as the Mississippi Supreme Court.  *See* Pl.'s Compl. [1] and Mem. in Supp. [3].  Plaintiff may not "couch" his complaint as a civil action arguing that his constitutional rights have been violated when in fact Plaintiff is simply attacking the judgment of a state court.  *See Randolph v. Texaco, Inc.*, 471 F. App'x 416, 417 (5th Cir. 2012)(affirming the dismissal for failure to state a claim and as frivolous of a § 1983 civil action challenging a worker's compensation claim after Plaintiff received an adverse judgment in state court).  As the United States Court of Appeals for the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994))(citations omitted).[2] "[L]itigants may not obtain review of state court actions by filing complaints about those actions

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

[2] Referencing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Liedtke*, 18 F.3d at 317; *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).  Based on the foregoing reasons, this Court does not have jurisdiction to entertain the Plaintiff's cause of action and to grant the requested relief in this action.

## Conclusion

As discussed above, the Court does not have jurisdiction to review, modify, or nullify an order of the state courts.  Consequently, Plaintiff's cause of action will be dismissed with prejudice as frivolous and for failure to state a claim.  *See Randolph*, 471 F. App'x 416 (5th Cir. June 28, 2012).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the  29th   day of July, 2013.

      s/David Bramlette  
      UNITED STATES DISTRICT JUDGE